IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL S. YOON, | § | |
| | § | |
| Defendant Below, | § | No. 429, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0711014208 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 31, 2017
Decided: November 6, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 6th day of November 2017, upon consideration of the notice to show cause and the response of the appellant, Daniel S. Yoon, it appears to the Court that:

(1)    On October 16, 2017, the Court received Yoon's notice of appeal from a Superior Court order, dated March 21, 2017 and docketed on March 22, 2017, denying Yoon's motion for postconviction relief and motion to withdraw his guilty plea.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before April 21, 2017.

(2)    On October 16, 2017, the Senior Court Clerk issued a notice directing Yoon to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  The appellant did not respond to the notice to show cause

within ten days of his receipt of the notice to show cause, making his appeal subject to dismissal.[1]   In his untimely response to the notice to show cause, Yoon states his mental illness and the prison lockdown after the February riot prevented him from filing a timely appeal.

(3)     Even if Yoon's response to the notice to show cause was timely, this appeal must be dismissed.  Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)     Yoon does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that

---

[1] A party must respond to the notice to show cause within ten days after receipt of the notice.  Supr. Ct. R. 29(b). Yoon received the notice to show cause on October 19, 2017, but did not file his response until October 31, 2017, making his appeal subject to dismissal.  Supr. Ct. R. 3(b)(2).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Supr. Ct. R. 10(a).

[4] *Carr,* 554 A.2d at 779. *See also Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014) (dismissing untimely appeal where inmate claimed his appeal was late because he needed the assistance of the law library and he could not obtain library appointment until after the appeal deadline expired); *Alford v. State*, 2013 WL 3484679, at *1 (Del. July 8, 2013) (dismissing untimely appeal where inmate claimed his appeal was late because he was weak from open heart surgery and was unable to receive appointment with law library).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

mandates the timely filing of a notice of appeal.  Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice